Nov. Term,
1846.

Vance and Others *v.* Workman.

Vance
v.
Workman.

8b 306
128 277

8b 306
168 529

If on the sale of real estate a title-bond be given, and the purchase-money, being an adequate consideration, be paid, and a third person afterwards, but previously to the execution of the conveyance, obtain judgment against the vendor, a Court of Chancery will relieve the purchaser or his assignee against the judgment, whether the judgment-creditor had or had not notice of the contract.

A Court of Chancery will not, where there is no emergency, grant an injunction, unless ten days' notice of the application have been given to the adverse party, or the application relate to a suit pending in the Court.

But where the Court has granted an injunction in a case in which the adverse party was entitled to notice, and the transcript does not show whether the notice was given or not, the Supreme Court will presume that the notice was given.

*Wednesday,*
*December* 30.

APPEAL from the *Hendricks* Circuit Court.

PERKINS, J.—This was a bill in chancery, filed in the office of the clerk of the *Hendricks* Circuit Court on the 10th of *April*, 1845, and during the sitting of the Court. The object of the bill was to obtain a perpetual injunction against the defendants, restraining them from selling certain real estate upon executions on certain judgments at law, and a decree declaring said property exempt from liability on account of those judgments. An interlocutory injunction was granted on the filing of the bill. Two days afterwards the defendants appeared to the suit, and moved a dissolution of the injunction. The motion was denied, and the defendants appealed to this Court.

It is said the Court erred in refusing to dissolve the injunction on two grounds: 1. Because there is no equity in the bill; 2. Because it was granted without notice of the application first having been given to the defendants.

The statement of facts contained in the bill is substantially as follows: On the 1st of *June*, 1838, *William Naylor*, being the owner in fee-simple of a certain parcel of land described in the bill, sold it by title-bond to one *Arsemus Richmond* for a specified and adequate consideration, fully paid at the time of the sale. On the 30th of *November* of the same year, the complainant, *Alfred Workman*, purchased of said *Richmond* the equitable title held by him under the bond, paying him the full consideration, and at the same time receiving from *Naylor* a deed in fee for the premises, in discharge of his bond to *Richmond*. The complainant took

possession and made improvements to the value of 400 dollars. On the 22d of *November*, 1838, being nearly six months after the sale by *Naylor* to *Richmond*, but eight days prior to the execution of the deed from *Naylor* to the complainant, *Vance* and *Clark*, the defendants, filed in the *Hendricks* county clerk's office transcripts of two certain judgments against *Naylor*, rendered by a justice of the peace of the county, on which such proceedings were had that awards of execution were obtained from the Circuit Court. Executions were issued pursuant to the awards, and were levied on the premises above described as deeded by *Naylor* to the complainant, by virtue of which those premises were advertised to be sold on the 10th of *April*, 1845, the day on which the injunction was obtained.

Some of the statements in the bill are not as full and certain as they might be, but we regard them substantially sufficient, and being so, we think they make a case within a familiar principle of equity thus laid down in 1 Sugd. on Vend. 539: "Although if any judgments should be entered up after the purchase-money, being an adequate consideration, is actually paid, equity would relieve the purchaser against the judgments, notwithstanding they were entered up previously to the execution of the conveyance; the vendor being in equity only a trustee for the purchaser, and a judgment being merely a general lien, and not a specific lien on the land: and this equity prevails, whether the judgment-creditor had or had not notice of the contract." See, also, Nels. Ch. R. 184.—1 P. Wms. 278.—10 Mod. 418.—4 Price, 99. All the rights of *Richmond*, the assignor of the equitable title, undoubtedly passed, by the assignment, to the complainant, the assignee.

On the second point, the statute must guide. Sect. 129, p. 852, of the Code of 1843, enacts, that "No injunction shall be granted except in cases of emergency, until the adverse party has had ten days' previous notice of the time and place of making the application therefor, unless such application be made in open Court in relation to or affecting any suit pending therein at the term at which such application may be made, in which case no special notice shall be necessary to any of the parties in such suit." The applica-

tion for the injunction in this case appears to have been made in open Court, but it was not made "in relation to or affecting any suit pending therein." The *scire facias* suits, on the judgments in which the executions sought to be enjoined issued, were not pending in the Court after the term at which those judgments were rendered. The plaintiffs in those suits were not at the time in Court, and would not be bound to take notice of the application for this injunction. There was no case of emergency. True, the bill was filed on the day on which the sale, which the injunction was to prevent, was to take place; but no excuse is offered, no reason assigned, why it was not filed earlier, nor for the failure, if there was a failure, to give the ten days' notice of the intention to file it. The bill does not even allege, in general terms, that there was an emergency which prevented the giving of the notice. If, therefore, the notice was not given as required by statute, the injunction was erroneously granted; but as we do not consider that that notice must necessarily appear upon the record, we presume, the contrary not being shown, that satisfactory proof of its having been given, was made to the Court on the granting of the injunction.

*Per Curiam.*—The decree is affirmed with costs.

*C. C. Nave,* for the appellants.

*J. S. Harvey,* for the appellee.