May Term, 1851.

Lefforge
v.
West.

(1) See *ante*, p. 146.

## Lefforge *v.* West.

Bill in chancery stating that the complainant was seized in fee of certain land; that the defendant had a life estate as a tenant in dower in a part of said premises; that she had committed great waste by means whereof her estate had become forfeited; that she was not a resident of this State, &c. The defendant prays that the lands be decreed forfeited and such other relief given as may be meet. *Held*, that the bill would have been bad on demurrer, and the objection might be taken at the hearing. *Held*, also, that the facts presented no ground for an injunction.

Equity takes jurisdiction to restrain waste by injunction, and in some particular cases, to obtain a discovery and account, and having for these objects obtained jurisdiction of a cause, it proceeds to avoid multiplicity of suits to compensate for damages done. But the jurisdiction itself must rest, in the first instance, on the necessity for an injunction, or discovery and account.

If the suit be simply to recover of a tenant in dower the possession of the premises wasted and damages, it should be case under the statute.

An injunction will not ordinarily be granted under a prayer for general relief, but must be expressly prayed.

Equity, as a general rule, does not enforce forfeitures.

*Wednesday, May 28.*

APPEAL from the *Franklin* Circuit Court.

Perkins, J.—*William West* filed, in the *Franklin* Circuit Court, the following bill in chancery : Your orator shows that he was, on the 31st day of *August*, 1843, and ever since has been, seized in fee of the south-east quarter, &c., [describing the land,] and that one *Mary Lefforge* had a life estate as tenant in dower in a part of said premises, to-wit, &c., and that said *Mary* has committed great waste of said last mentioned lands by destroying

the mansion-house thereon, &c., the fences, forest, and fruit trees, and shrubbery, and by suffering the same to go to waste and become ruined, by which acts her estate therein has become forfeited, &c. He further shows that said *Mary Lefforge* is not a resident of *Indiana*, and that process cannot be served on her; he prays a *subpœna*, and that she may answer the bill; and he further prays that " on the final hearing said lands may be decreed forfeited to your orator, and such other relief as may be meet."

*Mary Lefforge* answered, denying *West's* title, and denying waste. Depositions were taken as to the waste. Decree below for the plaintiff for 36 dollars damages, and that the dower estate was forfeited. Appeal by *Lefforge* to this Court.

We need not examine the evidence to ascertain whether or not it sustains the decre. We think the bill makes no case for a Court of equity. It would have been bad on demurrer, and the objection may be taken at the hearing. Story Eq. Pl. s. 447. The bill seeks simply to recover possession of the place wasted, with damages for the waste committed, without praying an injunction or a discovery and account. This, as we understand the law, cannot be done by a bill in chancery. Equity takes júrisdiction to stay waste by injunction, and, in some particular cases, as the conversion of timber or the proceeds of mines, to obtain a discovery and account; and having, for these objects, obtained jurisdiction of a cause, it proceeds, to avoid multiplicity of suits, to compensate for damages done. But the jurisdiction itself must rest, in the first instance, on the necessity for an injunction or discovery and account. *Watson* v. *Hunter* and *McClay*, 5 John. Ch. R. 168. If the suit be simply to recover, of a tenant in dower, the possession of the premises wasted and damages, it would seem that it should be case under the statute. R. S. p. 432, s. 106. See 4th Kent, 80, and notes. If it be said that an injunction might have been granted in this case under the general prayer for relief, we answer that "an injunction will not ordinarily be granted under a prayer for general relief; but it must be

May Term,
1851.

expressly prayed," (Story Eq. Pl. s. 41); and, in the present suit, the bill shows that the tenant in dower was not in possession, and not within the jurisdiction of the Court, and shows nothing to prevent the plaintiff below from entering at once into possession without the aid of legal process. These facts present no ground for an injunction.

But further. Equity, as a general rule, does not enforce forfeitures; and *Mitford*, in his Eq. Pl. p. 162, 6th Am. ed., says, " The forfeiture by waste and all penalties, ought to be waived in a bill for restraining waste, (1 Atk. 551; Willis, 9, 39, and 254, and notes); the Courts of equity declining to compel a discovery which may subject a defendant to any penalty or forfeiture, and confining the relief given to compensation for the damage done, and restraining further injury." The present bill falls within this objection also.

*Per Curiam.*—The decree is reversed with costs. Cause remanded with leave to amend, &c.

*J. Ryman* and *G. Holland*, for the appellant.

*J. D. Howland*, for the appellee.