The College Corner and Richmond Gravel Road Co. *et al. v.* Moss *et al.*

------◆●◆------

No. 8314.

THE COLLEGE CORNER AND RICHMOND GRAVEL ROAD COMPANY ET AL. *v.* MOSS ET AL.

NOTICE.—*Waiver.*—When a party appears to a motion, without objection, he thereby waives notice of the motion.

RECEIVER.—*Ejectment.*—Pending an action of ejectment, the court has no authority summarily to eject the defendant by ordering the sheriff, as such, without giving the oath or bond required of a receiver, to take possession of the premises.

INJUNCTION.—*Pleading.*—*Practice.*—It is error to grant a temporary injunction without a complaint or affidavit stating facts authorizing such relief, or without a prayer therefor in the complaint.

From the Union Circuit Court.

*T. W. Bennett, L. H. Stanford, T. J. Trusler* and *W. M. Casterline,* for appellants.

*T. D. Evans,* for appellees.

The College Corner and Richmond Gravel Road Co. *et al. v.* Moss *et al.*

NEWCOMB, C.—The appellees sued the gravel road company, appellant, to recover certain real estate. The complaint is in the usual form, and does not contain a prayer for an injunction or restraining order, nor for the appointment of a receiver, nor does it state any facts on which a prayer for either of those remedies could be granted.

After the defendant had answered to the merits, setting up a right of possession in itself, the following order was made by the court: "Come now the parties by their attorneys, and it appearing to the court that the plaintiffs herein, at a former day of this court, had filed their written motion, which is sworn to, asking the court for an interlocutory order in this behalf, and the plaintiffs also filed bond to indemnify the defendants for any wrongful action herein; and the court, after due consideration of said motion, is pleased to decree, and does decree and enter, the following order therein, viz.: That the Sheriff of Union county do proceed forthwith, upon a certified copy of this order, to take possession of the premises mentioned in plaintiffs' complaint, to wit, one-fourth of an acre of land situated in the northwest corner of section twenty-five, in township twelve, range one west, in Union county, Indiana, and hold possession thereof until the further order of this court. And it is further ordered that the said defendants and their servants, agents and employes, are now hereby, and until the final hearing of this cause, restrained and prohibited from any further use of said premises for any purpose whatever; and that a certified copy of this decree be furnished to the sheriff, and that the same be by said sheriff served by reading to the president of said company, and to John Fox, the person in possession of said premises, and that said service will be all the notice necessary in this case."

The defendant excepted to the action of the court, and immediately prayed an appeal, and filed an appeal bond with

surety approved by the court. John Fox afterwards joined in the appeal and gave proper notice.

The record does not contain the written motion and affidavit on which the foregoing order was based, and, in answer to a *certiorari* from this court, the clerk certifies that the same are not on file in his office, and that there is no record in said office that they were ever filed therein. It is objected to this order that it was entered without any notice to the defendant that such an order would be applied for. This objection is untenable. The record shows that the defendant was present, and fails to show that he then made any objection on the ground of a want of notice, and it does not affirmatively appear that notice was not given. In such case, notice will be presumed. *Vance* v. *Workman*, 8 Blackf. 306. Appearance without objection waives notice. *Hardy* v. *Donellan*, 33 Ind. 501.

It is further objected that there was nothing in the complaint justifying the granting of such order, and that the court had no authority to thus summarily eject the defendant and place the premises in controversy in possession of the sheriff. The court had power, in a proper case, to appoint a receiver to take charge of the property during the pendency of the action, and perhaps the sheriff might properly have been appointed such receiver; but that does not seem to have been the scope or purpose of the order. It was in his official capacity as sheriff that he was directed to oust the defendant and take to himself the possession of the premises. He was not required to take the oath and file the bond exacted of receivers, nor does the record show the performance of either of those prerequisites.

We think the summary order of ejectment was unauthorized by law.

The other branch of the order is a temporary injunction, prohibiting the defendant from using the premises for any purpose, until the final hearing of the cause. The bond filed

by the plaintiffs is denominated a "bond for injunction," and is conditioned "for the payment of all damages and costs which may accrue and be adjudged against the plaintiffs by reason of this restraining order." The term "restraining order" used in the bond is a misnomer. Such an order is limited in its operation, and extends only to such reasonable time as may be necessary to notify the opposite party of an application for an injunction. Buskirk's Practice, 40.

As the motion and affidavit on which the order in question was granted are not in the record, we must presume in favor of the action of the court, if upon any supposable state of facts alleged in the missing papers it was authorized to make such order ; but we are not aware of any statute or rule of practice that authorizes an injunction when there is no prayer therefor in the complaint, nor any statement of facts entitling the plaintiff to injunctive relief.

It is error to grant a temporary injunction when there is no prayer therefor in the complaint. *Southern Plank Road Co.* v. *Hixon,* 5 Ind. 165 ; *Lefforge* v. *West,* 2 Ind. 514.

The statute makes no provision for a temporary injunction when no cause therefor is shown in the complaint, except where the defendant threatens to or is about to remove or dispose of his property. In such case, it seems that where the facts are presented by affidavit, after the action has been commenced, an injunction may be issued to prevent the threatened injury. 2 R. S. 1876, p. 93.

Generally, if the cause for an injunction arises after action brought, it should be set forth in an amended or supplemental complaint.

The court erred in granting the order in question, and its action in that particular should be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the order of the court below directing the sheriff of Union county, to take possession of the real estate named in the plaintiffs' complaint, and restraining and pro-

hibiting the defendant below from any further use of said premises until the final hearing of said cause, be and it is hereby reversed, at the costs of the appellees; and that this cause be remanded to the Union Circuit Court for further proceedings in accordance with said opinion.