Miller *et al. v.* Shriner.

---

No. 8904.

## MILLER ET AL. *v.* SHRINER.

INJUNCTION.—*Receiver.*—*Notice.*—*Presumption.*— *Supreme Court.*—When the record is silent as to notice of an application in vacation for a temporary injunction and the appointment of a receiver, the Supreme Court, on appeal from an order granting them, will presume that notice was given.

SAME.—*Affidavits.*—*Bill of Exceptions.*—Affidavits in support of motions in vacation for a temporary injunction and a receiver are no part of the record unless made so by bill of exceptions.

SAME.—*Proceedings to Obtain Injunction.*—*Complaint.*—A temporary injunction can not be granted, save in the case provided for in sec. 137 of the code of 1852 (R. S. 1881, sec. 1148), where the complaint shows no case for it.

From the Union Circuit Court.

*J. W. Connaway* and *T. D. Evans,* for appellants.
*J. E. Tucker* and *C. L. Seward,* for appellee.

BLACK, C.—The appellee brought an action against the appellants to recover possession of an undivided portion of certain real estate in Union county. The complaint, which was filed on the 28th of May, 1880, did not ask or show grounds for an injunction or the appointment of a receiver, and was not verified. On the 5th of June thereafter, in vacation, the judge made an order which, after reciting the presentation at that time to him by the appellee of his affidavit in said cause, showing that property, crops, rents and profits of the real estate in controversy were in danger of being lost, removed or mate-

rially injured, proceeded by enjoining temporarily the de-fendants, and all persons working under them, from removing or injuring the crops growing on said land until the fifth day of the next term of the circuit court of said county, at which time, it was stated, the cause was set down for trial, and until the final determination of the cause; and a receiver was appointed to take charge of said real estate and of the crops growing thereon, and to collect the rents, etc. On the sixth day of the next term, the 12th of June, appellants moved to dismiss the "temporary restraining order heretofore made in this cause, and dismiss the receiver appointed by the court at chambers in vacation." The court overruled the motion. Appellants also moved to strike out "the affidavit and application for a temporary restraining order and receiver." This motion also was overruled; whereupon, without further proceedings in said cause, appellants brought this appeal, assigning the rulings upon their said motions as errors.

The grounds stated in the former motion, which have been mentioned in argument, were, that appellants had not been served with process or had notice of the application, and that the application did not state facts sufficient to entitle the appellee to the relief granted.

The only reason stated in the second motion, and mentioned in argument, was that the appellants had not been served with process or had notice of the application.

The affidavit mentioned in said order is copied with the transcript brought to this court, but, not being embraced in the bill of exceptions, it can not be regarded as a part of the record.

Whether it was the intention of the appellee to obtain, and of the judge to grant, merely a restraining order or a temporary injunction, the order granted, which is called in the motions of appellants a temporary restraining order, was a temporary injunction.

To grant a temporary injunction, or to appoint a receiver without notice, is error. The record does not show whether there was or was not notice, and it has been held by this court

that in such case it must be presumed that the judge did not grant the application without proof of notice. *Vance* v. *Workman*, 8 Blackf. 306; *College Corner, etc., Co.* v. *Moss*, 77 Ind. 139. The statute provides that in cases in which a receiver may be appointed or refused, the party aggrieved by such appointment or refusal may, within ten days thereafter, appeal to this court without awaiting the final determination of the case. 2 R. S. 1876, p. 115. If this may be regarded as an appeal authorized by the statute, we are required, in view of the manner in which the question is presented, to presume in favor of the action of the court, that the affidavit set forth sufficient grounds for the appointment of a receiver.

Unless it be provided for by statute, it is error to grant a temporary injunction where there is no prayer therefor in the complaint. *Southern Plank Road Co.* v. *Hixon*, 5 Ind. 165; Story Eq. Pl., section 41. In *College Corner, etc., Co.* v. *Moss, supra,* it was held that our statute makes no provision for a temporary injunction where no cause therefor is shown in the complaint, original, amended or supplemental, except the provision of section 137 of the Code of 1852, that where it appears during the pendency of the action by affidavit that the defendant threatens or is about to remove or dispose of his property with intent to defraud his creditors, a temporary injunction may be granted to restrain the removal or disposition of his property.

The affidavit in this case can not reasonably be presumed to have been such as that contemplated by that provision of the statute, and under the ruling in the case last mentioned the injunction could not properly have been granted solely upon affidavit during the pendency of the action.

For the refusal to dissolve the injunction the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at appellee's costs, and that the cause be remanded, with instructions to dissolve the temporary injunction.