Taylor *et al. v.* The Board of Commissioners of Jay County.

No. 14,757.

TAYLOR ET AL. *v.* THE BOARD OF COMMISSIONERS OF JAY COUNTY.

APPEAL.—*Reserved Questions of Law.*—*Final Judgment.*—Section 630, R. S. 1881, authorizing an appeal for the decision of reserved questions of law upon an abbreviated record, does not contemplate an appeal from a ruling before final judgment.

SAME.—*Stay of Proceedings.*—*Interlocutory Order.*—Where, after the filing of an answer, the trial court orders that further proceedings in the cause be stayed until another cause pending in the Supreme Court shall be decided, such order is an interlocutory one, from which an appeal will not lie.

From the Jay Circuit Court.

*D. T. Taylor, R. H. Hartford, W. H. Williamson* and *J. A. Jaqua,* for appellants.

*T. Bosworth* and *F. H. Snyder,* for appellee.

OLDS, J.—This is an action upon a contract entered into between the appellants and appellees, by which the appellees employed the appellants as the attorneys for Jay county for a period of three years from December 5th, 1887, for a price stated, payable quarterly.

The appellants brought suit for one quarter's salary, and recovered judgment in the court below, and afterwards brought this action upon the judgment rendered, and for two quarters' salary in addition thereto.

An answer in several paragraphs was filed to the complaint in this cause, and at this stage of the proceedings the appellees moved for a stay of the proceedings in this cause until a decision was had in the Supreme Court in the original cause, supporting the motion by the affidavit of one of the board of commissioners setting forth the fact of the prosecution of the former action on the contract to final judgment in the circuit court, and that an appeal had been taken, which was

now pending in this court, which involved the validity of the contract sued upon.

The court heard the motion, and ordered " a stay of the proceedings until said cause now pending in the Supreme Court shall be finally decided, unless it should hereafter be made to appear to the satisfaction of the court upon application that a stay until said time ought not to be granted."

The appellants excepted to the order of the court, and notified the court that " they reserved the question, and would take the same to the Supreme Court upon a bill of exceptions only," and filed their bill of exceptions, setting out all the pleadings, motions, and orders of the court in the cause up to that time, and from such order of the court this appeal is prosecuted.

The appellees move to dismiss the appeal, for the reasons that " the order of the court from which the appeal is taken is an interlocutory order, from which no appeal will lie," and that " no final judgment was rendered in the lower court from which an appeal can be taken."

Appellants assume that the appeal is properly taken under section 630, R. S. 1881, and proceed to discuss the alleged error of the court in granting a stay of the proceedings.

Section 630 only points out how questions of law decided by the court during the progress of the cause may be reserved for the decision of the Supreme Court, and does not authorize an appeal for the decision of such questions before final judgment. To hold that this section authorizes an appeal before final judgment would be to grant the right of appeal on every ruling of the court and every interlocutory order made by the trial court during the progress of a cause. The purpose and object of this section is to relieve persons desiring only to present to the Supreme Court some one or more questions decided by the trial court from the burden of procuring a complete record of the whole proceedings in the lower court, and permit such appeal by bill of exceptions

Taylor *et al. v.* The Board of Commissioners of Jay County.

containing such parts of the record as will clearly present the question decided by the trial court.

It is not the policy of the law to permit appeals from interlocutory orders, and such appeals are not permitted unless expressly provided by statute.

The order of the court in this case is clearly an interlocutory order ; it only required the doing of something by the plaintiffs, or, rather, that the plaintiffs refrain from doing anything during a particular time during the pendency of the proceedings; it was not determining the controversy, or any portion of it.

The court passed upon no rights of the parties, it simply ordered the postponement of the cause for a certain period of time. It is said by counsel for appellants that it works a hardship on the appellants. Possibly it may ; so may a continuance of a cause work a hardship, and this is but a continuance. It may as well be contended that a question might be reserved as to the decision of the lower court granting a continuance, overruling a demurrer to a pleading, or as to any other decision or order of a court made in the progress of the cause, and appealed from before final judgment, as that an appeal will lie from the order in this case.

The statute authorizes an appeal from certain interlocutory orders enumerated in section 646, R. S. 1881, but the order in this case is not such as designated in that section.

In the case of *Western Union Tel. Co.* v. *Locke,* 107 Ind. 9, an appeal was taken from an order directing the appellant to produce a written instrument, and it was held that an appeal would not lie from such an order. In that case ELLIOTT, J., fully discusses the question, citing numerous authorities in support of the opinion, which fully support the conclusion we have reached in this case.

The appeal is dismissed.

Filed Sept. 25, 1889.