Davis *et al. v.* Fasig.

Filed May 13, 1891.

---

No. 16,019.

## DAVIS ET AL. *v.* FASIG.

INJUNCTION.—*Application to Dissolve Pending Appeal.*—A motion to dissolve an injunction, made unsuccessfully in the lower court while an appeal from the order granting it is pending in the Supreme Court, is not sufficient to authorize the dismissal of the appeal when it is not made to appear, that the appellant has taken a position in the lower court inconsistent with the one he occupies in the Supreme Court, or that the position of the parties to the appeal has been in any manner changed or altered.

SAME.—*Interlocutory Judgment.*— *What is not.*—In an action to restrain the enforcement of a city ordinance, a submission of the case upon the complaint, a finding that the injunction should be granted and the granting of the injunction as prayed, and an order that it be continued " until the validity of the ordinance in question shall have been finally determined " in the Supreme Court, is not an interlocutory, but a final judgment.

MUNICIPAL CORPORATIONS. —*Injunction.*— *Validity of an Ordinance.*— A

court of equity may enjoin the enforcement of a void city ordinance in order to prevent a multiplicity of actions, or at the instance of any person whose interests are to be injuriously affected thereby ; but if it is not void, a court of equity can not determine whether or not the plaintiff is guilty of its violation.

SAME.— *When Entire Ordinance Must be Void.*—Unless the party asking an injunction points out some particular provision in the ordinance that infringes upon his rights or privileges, in order to justify a court in declaring the ordinance void, the ordinance must be void *in toto.*

SAME.—*Saloon Closing Ordinance.— Validity.*—An ordinance requiring all keepers of saloons, and of other like place, to eject every person not regularly employed therein at the hour of 11 P. M., to close and lock the doors securely, and permit no ingress thereto between that hour and 5 A. m. ; requiring all persons not employed to depart between such hours, when requested ; making it unlawful to open the door, or leave it unlocked, or to permit ingress thereto between such hours, and extending the same rules and regulations to Sundays, legal holidays and election days, is valid.

From the Vigo Circuit Court.

*R. B. Stimson* and *C. R. Stimson,* for appellants.
*G. W. Faris* and *S. R. Hamill,* for appellee.

MILLER, J.—This was an action brought by the appellee against the mayor, marshal, chief of police and city attorney of the city of Terre Haute, to· enjoin them from hearing, determining or prosecuting any action to recover penalties under an ordinance of the city requiring saloons to be closed from eleven o'clock P. M. till five o'clock A. M., and on Sundays, election days and holidays.

The complaint was filed on the 13th day of December, 1890, during term time of court. Upon a showing that an emergency existed, a temporary restraining order was issued, restraining the mayor and other officers from hearing or prosecuting actions for the enforcement of the ordinance until the 3d day of January, 1891, at which time the cause was set for hearing. Notice having been served on the appellants, they appeared at the time fixed for a hearing, and upon their motion the restraining order was so modified as to permit the prosecution of one suit, then pending in the

Davis *et al. v.* Fasig.

circuit court against James Madigan, and leave was given the plaintiff to amend his complaint.

On the 28th day of January, the cause was heard, and upon the hearing an injunction was granted enjoining the hearing or prosecuting of actions for the enforcement of the ordinance, until the validity of the same should be finally determined.

This appeal is prosecuted from the final judgment of the court granting this injunction.

It appears from a return to a *certiorari* that since the cause has been pending in this court, an unsuccessful application was made by the appellants, in the court below, to dissolve the injunction appealed from, and we are asked on that account to dismiss this appeal. No authority is cited in support of the motion, and as it does not appear that the appellants have taken a position inconsistent with the one they occupy in this court, or that the position of the parties to this appeal has been, in any manner, changed or altered, the motion can not be sustained on that ground.

The appellee also asks that the appeal be dismissed, for the reason that the order of the court from which the appeal was taken was an interlocutory order, from which no appeal will lie.

As the judgment of the court, from which the appeal was taken, stood on the record when the cause was filed in this court, it might well be questioned whether it was appealable after the close of the term ; but the judgment as amended by order of the court, and brought here by a *certiorari* is a final judgment.

The record, as amended, shows that the cause was " submitted to the court upon the facts alleged in the plaintiff's amended complaint; and the court being fully advised in the premises, finds for the plaintiff, and finds that the injunction as prayed for in plaintiff's amended complaint should be granted. It is therefore ordered and adjudged that the in-

junction as prayed for in plaintiff's amended complaint be granted and continued until the validity of the ordinance in question shall have been finally determined."

This was not an interlocutory order staying proceedings in a cause for a time, as was the case in *Taylor* v. *Board, etc.,* 120 Ind. 121, but was a final termination of the suit.

The amended complaint alleges that the petitioner is a resident, citizen and taxpayer of the city, engaged in keeping a saloon for the sale of intoxicating liquors, to be drank on the premises; that he brings this action and files the petition on behalf of himself and one hundred and seventy other persons similarly situated. It also alleges that the defendants have commenced prosecutions against the plaintiff and others for alleged violation of the ordinance, which is incorporated in the complaint, and will, unless restrained by the court, commence other prosecutions for the enforcement of the ordinance.

The objections to the ordinance are stated as follows:

"And your petitioner also shows that said ordinance is unconstitutional, illegal and absolutely void, it being unreasonable in its provisions, uncertain in its terms, in restraint of trade, prohibitory, and the same is in conflict with and contrary to the provision of section 21 of article 1 of the Constitution of the State of Indiana."

It is averred that before the commencement of this suit a prosecution had been instituted before the mayor of the city against one James Madigan, for a violation of the ordinance, which action had been appealed, and was pending in the circuit court; that the question of the validity of the ordinance could be determined in that action.

The complaint shows the apprehension and distress of the plaintiff at the prospect of the failure of the threatened prosecutions, and the consequent increased liability of the city for costs, which he says would be irreparable.

The prayer asks for a temporary restraining order, and that a writ of prohibition issue commanding the defendants to

Davis *et al. v.* Fasig.

abstain from filing any complaints for the recovery of the penalties provided for by said ordinance, or from prosecuting any of the actions pending, except the one against Madigan, until the validity of the ordinance should be determined in that action.

The city ordinance is as follows :

"An ordinance regulating the closing of saloons.

" Section 1. Be it ordained by the common council of the city of Terre Haute, that at the hour of 11 o'clock P. M. it shall be the duty of every person who is keeping or assisting to keep any shop, saloon or other place within said city, or within two miles of the corporate limits thereof for the purpose of selling, bartering or giving away any kind of intoxicating liquors, to be used on the premises, to eject therefrom every person not regularly employed therein ; to close and lock the doors thereof securely, and permit no ingress thereto between said hour and the hour of 5 o'clock A. M., and it shall be the duty of every person found in any such place between said hours to depart therefrom when requested to do so. Any person violating any provision of this section, shall be fined not less than five dollars nor more than twenty-five dollars.

" Section 2. It shall be unlawful for any person who is keeping, or assisting to keep, any shop, saloon or other place within said city, or within two miles thereof, for the purpose of selling, bartering or giving away any kind of intoxicating liquor to be used on the premises, to open such shop, saloon or other place, or have any door thereof unlocked on Sunday or on any election day or legal holiday, or to permit ingress thereto of any person not regularly employed therein. Any person violating any provision of this section shall be fined not less than ten dollars nor more than fifty dollars for each offence.

" Section 3. It shall be the duty of any member of the police force of the city of Terre Haute, within whose view or knowledge any provision of this ordinance may be violated,

to take the necessary steps to secure the arrest and conviction of the offender, and any policeman who shall wilfully refuse to do so shall be removed from the force.

"Section 4. Whereas, An emergency exists for the immediate passage of this ordinance, all rules to the contrary are suspended and this ordinance shall be in force on and after its adoption and publication.

"Adopted November 18th, 1890."

Counsel for the appellee admit, in their brief, that they are not entitled to a writ of prohibition against the mayor, and say that the prayer in the complaint for such relief was improperly and inadvertently inserted. This admission renders it unnecessary for us to examine and pass upon that branch of the case.

We can not agree with counsel that a court of equity may not in a proper case enjoin the enforcement of city ordinances to prevent a multiplicity of actions. It has been held that where an ordinance is void, any party whose interests are to be injuriously affected thereby may go into a court of equity and have its enforcement stayed by injunction. *Mayor, etc.,* v. *Radecke,* 49 Md. 217. But where the ordinance is not void, a court of equity can not determine whether or not the plaintiff is guilty of its violation. *Davis* v. *American Society, etc.,* 75 N. Y. 362; *Village of Des Plaines* v. *Poyer,* 123 Ill. 348.

It is essential, in a case like this one, where the plaintiff does not point out any particular provision in the ordinance that infringes upon his rights or privileges, in order to justify a court in declaring an ordinance void, that it should be void, not simply in some of its provision, but void *in toto,* Dillon Munic. Corp., section 421. Some provisions of an ordinance might be void, and others valid and enforceable, and unless the plaintiff is so placed as to be injured by the void part he is in no condition to question the validity of the ordinance.

This renders it necessary for us to examine and pass upon

Davis *et al. v.* Fasig.

the validity of the ordinance in question, not upon each provision of the same, but taking it as a whole.

In the late case of *Decker* v. *Sargeant,* 125 Ind. 404, an ordinance of the city of Valparaiso was upheld, which provided that places where intoxicating, distilled or fermented liquors are sold to be drank on the premises, should be closed at 11 o'clock P. M. of each day, at which time all door-screens and obstructions should be removed, so as to give an unobstructed view of the interior, and also required visitors to be excluded from the premises during the time they were to be kept closed.

The ordinance in question is, in principle, very similar to the one referred to in *Decker* v. *Sargeant, supra,* and upon the authority of that case we hold that the ordinance in question is not subject to any of the objections charged in the complaint, and that, therefore, the court erred in enjoining the prosecution of actions to enforce obedience to its requirements.

The appellants have assigned as error the action of the court in granting the restraining order issued at the time the complaint was filed without notice to the adverse party.

We can not review the action of the court in this appeal for several distinct reasons.

One is, that the original complaint, filed at the inception of the cause, is not in the record, and we can not therefore know what kind of a showing the plaintiff made, or what excuse he had for not giving notice.

In *Vance* v. *Workman,* 8 Blackf. 306, this court says that a bill filed to enjoin a sheriff's sale of real estate, filed on the day the sale was to take place, does not show an emergency, no reason being given why the suit was not filed sooner.

In *Indiana Central R. W. Co.* v. *State, etc.,* 3 Ind. 421, in passing upon this question, the court says: " The principle here asserted is, that the complaining party must not only show that an immediate injury is about to be inflicted, but also that he could not reasonably have anticipated it in time to

give the requisite notice. Otherwise the complainant might always make a case of emergency, by waiting until the act he desires to have restrained is upon the point of being done."

We can not accept the argument made by the appellants, that because court was in session in the city of Terre Haute we should infer that notice might, by the use of due diligence, have been served upon the mayor, marshal, chief of police or city attorney of the application for an injunction. The argument seems plausible, but we must presume in favor of the action of the court.

The judgment of the court is reversed, with costs, and the court is directed to dissolve the injunction and to sustain the demurrer to the complaint, and for further proceeding in accordance with this opinion.

Filed May 19, 1891.