## Lowe et al. v. Lawrenceburg Roller Mills Company et al.

[No. 20,074. Filed December 10, 1903.]

MUNICIPAL CORPORATIONS.—*Vacation of Street.*—*Objection by Adjacent Property Owner.*—Under §3648 et seq. Burns 1901, the common council of a city can not reduce the width of a street by vacating a part of it on one side, when the owners of property abutting directly on the opposite side of the street object thereto.

From Dearborn Circuit Court; *E. G. Bielby*, Special Judge.

Suit by Roger W. Lowe and others against the Lawrenceburg Roller Mills Company and others. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*W. H. Bainbridge, H. D. McMullen, H. R. McMullen* and *C. W. McMullen*, for appellants.

*G. M. Roberts, W. R. Johnston* and *W. N. Hauck*, for appellees.

JORDAN, J.—This action was commenced and prosecuted by appellants in the lower court to enjoin the city of Lawrenceburg and its codefendants from carrying into force and effect an ordinance or order of the common council vacating a part of a public street of said city. A demurrer for want of facts was sustained to the complaint, and judgment was rendered against appellants on demurrer, and from this judgment they appeal. The validity of an ordinance being in question the appeal is properly in this court.

The facts disclosed by the complaint briefly stated are as follows: The city of Lawrenceburg, in Dearborn

county, Indiana, is duly organized and is acting under the general laws of this State relative to the incorporation or organization of cities.   On January 23, 1902, appellees, the Lawrenceburg Roller Mills Company, the Lawrence-burg Elevator Storage Company, and George M. Roberts duly petitioned the common council of said city to vacate that part of High street lying between Maple street and a line dividing lots twenty-one and twenty-two.   The strip or part which the petitioners desired to have vacated was particularly described in their petition.   The matter was duly referred by the common council to the city commis-sioners for action and report thereon.   Appellants at the proper time appeared before said commissioners and pre-sented their written remonstrance and objections to the pro-posed vacation.   The commissioners, after considering the matter in question, made their report to the council, whereby they recommended that the prayer of the petition be granted.   In their said report they stated, among other things, that appellees objected to the proposed vacation; that they, as shown, were the owners of parts of lots fifty-three and fifty-four in said city, which lots or real estate fronted on said High street, but were more than sixty-two feet distant from that part thereof which was sought to be vacated.   They further reported that appellants' property was not adjacent to that part of the street proposed to be vacated.   At the proper time appellants appeared before the common council and renewed and urged their objec-tions, but the council disregarded the same, and by ordi-nance or resolution adopted the report of the commission-ers, and ordered that the part of the street in question be vacated.   Lots fifty-three and fifty-four were owned by appellants at the time the proceedings to vacate were insti-tuted, and they continued to be the owners thereof up to the time this action was commenced.   High street is shown to be sixty-four feet and four inches wide, and the above

lots abut thereon. The strip or part of the street in ques-
tion sought to be vacated lies and extends along the side
of the street immediately opposite to the side on which
these lots front or abut.

The proceedings to vacate were had under the provisions
of an act of the legislature passed at the special session
of 1875 (Acts s. s. 1875, p. 17). Sections 18 and 21 of
the original act were amended in 1885, and §19 was
amended in 1895. These three sections, as amended, are
embraced in §§3647, 3648, 3650 Burns 1901. Section
3648 as amended provides, as it did originally, that "in
case any property owner immediately upon the line of said
street    *    *    *    or part thereof, sought to be vacated,
who is directly interested therein shall object to such vaca-
tion, the city commissioners shall report such fact to the
common council." Section 3649 Burns 1901, being §20
of the original act, provides that the city commissioners
shall report in writing to the common council within the
time therein prescribed, stating in their report *inter alia*
"the names of property owners or persons who may object
to the vacation of such street,    *    *    *    and the nature
of their interest therein." Section 3650, as amended, pro-
vides that the common council, within the time therein
prescribed, shall either refer the report back to the com-
missioners or accept or reject it. It is expressly declared
in this section that "the common council shall have no
power to order such vacation when objected to by property
owners adjacent thereto." Under this section as it existed
previous to the amendment thereof in 1885 it was provided
"that the common council shall have no power to order
such vacation when objected to by property owners adja-
cent thereto, or by those having a direct or substantial
interest therein." This latter clause, viz., "by those having
a direct or substantial interest therein," was eliminated
from the section by the amendatory act of 1885.

Vol. 161—32

In the case of *House* v. *City of Greensburg,* 93 Ind. 533, this court, in construing the section as it existed previous to the amendment of 1885, held that the provision in §21 of the original act which declared that the "common council shall have no power to order such vacation when objected to by property owners adjacent thereto, or by those having a direct or substantial interest therein" must be construed along with the provision in §19, which provided that "in case any property owner, immediately upon the line of said street, * * * who is directly interested therein, shall object to such vacation, the city commissioners shall report such facts to the common council," which the court in that case said was for the guidance of the city commissioners in making their report to the common council, and further held therein that any property owner immediately upon the line of the street, etc., who was directly interested therein was competent to object to the proposed vacation.

It is not essential that we determine in this appeal whether a property owner immediately upon the line of the street, and who has a direct interest therein, may, by objecting to a proposed vacation, absolutely defeat it, for that is not the question herein involved.

By the amendment of §21 in 1885, §3650, *supra,* the legislature has declared that the common council shall have no power to order the proposed vacation over the objections of an owner or owners of property adjacent thereto. The mere fact that the objector is the owner of such property alone enables him to defeat the proposed vacation without assigning or establishing any other reasons or grounds for his objections. By the averment of appellants' complaint, and also by the map and the report of the city commissioners filed in the proceedings to vacate, all of which are embodied in and made a part of the complaint herein, it is fully disclosed that appellants are the owners of property adjacent to the strip or part of High street

Lowe *v.* Lawrenceburg Roller Mills Co.

proposed to be vacated, within the meaning of the statute. The word "adjacent" as employed in §3650 must, in compliance with the well-recognized rule, be accorded its ordinary and popular meaning. *Massey* v. *Dunlap,* 146 Ind. 350, and authorities cited. Webster's International Dictionary defines the word "adjacent" to mean: "Lying near, close, or contiguous; neighboring, bordering on; as, a field adjacent to the highway. Things are adjacent when they lie close to each other, not necessarily in actual contact; as, adjacent fields, adjacent villages," etc. In Worcester's Dictionary it is said: "What is adjacent may be separated by the intervention of some other object; what is adjoining must touch in some part, and what is contiguous must touch one side; an adjacent field, a neighboring village; lands may be adjacent to a house or town," etc. In the Century Dictionary the word adjacent is defined to mean: "Lying near, close, or contiguous; adjoining; neighboring; as, a field adjacent to the highway."

The lots of appellants, as shown, abut upon the side of High street immediately opposite to the part thereof vacated. Counsel for appellees insist that appellants can not, under the circumstances, be considered as adjacent owners to that part of the street vacated, for the reason that the strip in question did not embrace the entire width of the street. Because a portion thereof intervened between appellants' property line and the part vacated, it is contended that they were not adjacent owners within the meaning of the statute, and therefore, were not competent objectors. There certainly is no force or merit in this view of the case. To say the least appellants had the right to demand that the street in controversy be maintained to its full width in front of their property, and the mere fact that only a part on the side opposite to their property line was proposed to be vacated did not render them incompetent to object and thereby deprive the council of all power

ultimately to act, in' the premises. The power conferred upon the council by the statute to vacate the street in whole or in part was upon the express condition that adjacent property owners, as were appellants, did not object, Their objections served wholly to oust or deprive the common council of any and all power to vacate the part of the street proposed, and its order, therefore, under the circumstances, was absolutely null and void, and was open to a collateral attack by injunction. *Spiegel* v. *Gansberg,* 44 Ind. 418; *Davis* v. *Fasig,* 128 Ind. 271; *Sims* v. *City of Frankfort,* 79 Ind. 446-455; *City of Terre Haute* v. *Evansville, etc., R. Co.,* 149 Ind. 174, 37 L. R.. A. 189, and cases cited.

The court erred in sustaining the demurrer to the complaint, and the judgment is therefore reversed, and the cause remanded, with instructions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.