GLENDALE COAL COMPANY *v.* DOUGLAS, PROSECUTING ATTORNEY.

[No. 23,785. Filed January 2, 1923. Rehearing denied March 30, 1923.]

1. CRIMINAL LAW.—*Employment of "Shot Firers."—Statute.—Constitutionality.*—Acts 1919 p. 69, §8601a *et seq.* Burns' Supp. 1921, requiring operators of coal mines to employ "a sufficient number of practical, experienced miners, to be designated as shot firers, whose duty it shall be to inspect and do all the firing of all blasts," etc., and providing that "the employer shall be the judge of the qualifications" of persons employed for that purpose, and making a violation of the statute a criminal offense, *held* too indefinite for enforcement under Art. 1, §13, Indiana Constitution, providing that a person accused of an offense against the law has a right to a statement, in writing, of "the nature and cause of the accusation against him," and Amend. 14, §1, U. S. Constitution, declaring that a state has no power to deprive any persons of liberty or property without due process of law, and especially in view of §§8627f, 8624j Burns 1914, Acts 1911 p. 658, §§6, 10. pp. 77, 78.

2. CRIMINAL LAW.—*Penal Statutes.—Requisites.—Certainty as to Acts Constituting Offense.—Scope.*—A penal statute, to be enforceable, must be general in its scope, but so specific and

certain in its provisions that anyone may know with certainty, when he does, or omits to do, an act, whether he is thereby committing a crime. p. 78.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by the Glendale Coal Company against Perry Douglas, prosecuting attorney of the forty-third judicial district. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Adamson & Gallagher,* for appellant.

*John A. Riddle* and *Harold A. Henderson,* for appellee.

EWBANK, J.—This was an action by the appellant against the appellee, as prosecuting attorney of the Forty-Third Judicial Circuit of Indiana, to enjoin him from bringing and maintaining criminal prosecutions against appellant and others engaged in operating coal mines for alleged violations of Acts 1919 p. 69, §8601a *et seq.* Burns' Supp. 1921, in failing to employ and pay "shot firers," as therein provided.

The statute in question is entitled "An Act providing that operators of mines shall furnish shot firers in mines where shooting and blasting is done, and providing penalties for the violation thereof, and repealing all laws and parts of laws in conflict therewith." The sections referring to employers, the validity of which is attacked by appellant, reads as follows:

"Sec. 1. That in all mines in this state where coal is blasted, and where more than ten (10) men are employed as miners, and where more than two pounds of powder is used for any one blast; and also, in all mines in this state where gas is generated in dangerous quantities, the person, persons, firm or corporation operating such mine or mines, shall employ at the expense of such person, persons, firm or corporation operating such mine

or mines, a sufficient number of practical, experienced miners, to be designated as shot firers, whose duty it shall be to inspect and do all the firing of all blasts, prepared in the manner required by the laws of the State of Indiana concerning the preparation of shots or blasts in mines where shooting or blasting is done, in said mine or mines. *Provided* That the employer shall be the judge of the qualifications of the said person employed as a shot firer and shall have the right to discharge said shot firer for any reason the said employer shall deem sufficient without recommendation or interference by the miners working in said mine.

"Sec. 7. Any neglect, refusal or failure to do the things required to be done by any section, clause or provision of this act on the part of any person or persons, firm or corporation herein required to do them, or any violation of any of the provisions or requirements hereof, or any attempt to obstruct or interfere with any person or persons, firm or corporation in the discharge of duties herein imposed upon them; or any refusal to comply with the provisions of this act, shall be deemed a misdemeanor, punishable by a fine of not less than one hundred ($100) dollars and not to exceed two hundred ($200) dollars, or by imprisonment in the county jail for a period not exceeding three (3) months, or both, in the discretion of the court or jury trying the case." Acts 1919 p. 69, §§1, 7, *supra.*

Other sections declare it likewise unlawful for any superintendents or managers of mines, other employes, or any persons, to fail to comply with the act, or to command anybody else not to comply with it.

The amended complaint alleged that all coal miners employed in the mines of plaintiff and of other mine owners in the State of Indiana are required to pass an examination upon practical mining, dangerous gases, and other combustibles and explosives, and the prepara-

tion of shots, and are required to obtain, and all of them do have certificates of their competency and qualifications; that firing the shots is part of the work of mining the coal, and that up to the time this act was passed each miner fired his own shots or procured them to be fired for the compensation paid him for mining the coal, and that the price paid to the miner for mining, blasting, firing the blast and loading the coal is now and always has been fixed by the contract of employment between the miner and the operator; that employing and paying shot firers, if that be done by the employers will require the payment of large sums of money to such shot firers, and will cause a great and unnecessary expense to plaintiff and to other mine owners, and will materially increase the cost of producing coal, and thereby decrease the value of the mines; and that the penalties provided in the act for any neglect, refusal or failure to comply with its requirements are so drastic that no owner or operator of a mine could test its validity by defending a criminal prosecution for such refusal or failure except at the risk of imprisonment, or omit compliance with it except at the risk of numberless criminal prosecutions against such owner or operator and its officers, agents, managers and superintendents.

It further alleged that the plaintiff is an Indiana corporation engaged in the business of mining and producing coal; that it operates a coal mine at a place named, in the said Forty-Third Judicial Circuit, where more than ten men are employed as miners, and where coal is blasted, and more than two pounds of powder is used in one blast; that other corporations, firms and individuals do likewise; and that plaintiff brings this suit on behalf of itself and of all other corporations, firms and individuals similarly situated.

Glendale Coal Co. *v.* Douglas, Pros. Atty.—193 Ind. 73.

The trial court sustained a demurrer to the amended complaint, to which ruling appellant excepted, and has assigned the ruling as error.

The sufficiency of the averments as to plaintiff's property rights and the necessity for an injunction to avoid a multiplicity of actions is not challenged, and we consider only the main question. *Schmitt, Supt.,* v. *F. W. Cook Brewing Co.* (1918), 187 Ind. 623, 625, 120 N. E. 19, 3 A. L. R. 270; *Davis* v. *Fasig* (1891), 128 Ind. 271, 276, 27 N. E. 726; *City of Rushville* v. *Rushville Nat. Gas Co.* (1892), 132 Ind. 575, 587, 28 N. E. 853, 15 L. R. A. (N. S.) 321; *Central Trust Co.* v. *Citizens' St. R. Co.* (1897), (C. C.) 80 Fed. 218, 225; *Ex parte Young* (1907), 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764.

1. The provision that "a sufficient number of practical, experienced miners" shall be employed by the mine operator, of whose qualifications the employer shall be the judge, makes the statute too indefinite for enforcement by proceedings under the criminal law. Only "practical, experienced miners" are permitted to work as miners in coal mines of this state. §§8624f, 8624j Burns 1914, Acts 1911 p. 658, §§6, 10.

The statute does not forbid the employment of men who have planted the shots to fire them. What would be a "sufficient number" to be thus employed is a question on which the employer and the miners might differ, and no basis for deciding it is given by the statute. And if the employer should devise a method of requiring the miners to fire their own shots, or to take turns at firing them, for which he should be prosecuted, a court would have no basis from which to determine whether or not "a sufficient number of practical, experienced miners" were so employed.

Any person accused of an offense against the law has

78    SUPREME COURT OF INDIANA,

Glendale Coal Co. *v.* Douglas, Pros. Atty.—193 Ind. 73.

the right to a statement, in writing, of "the nature and cause of the accusation against him." Art. 1, §13, Constitution. And the state has no power to deprive any persons of liberty or property without due process of law. Amend. 14, §1, U. S. Constitution.

In order to be enforceable, a penal statute must be general in its scope, but so specific and certain in its provisions that any man may know with certainty, when he does, or omits to do, an act, whether he is thereby committing a crime. *Railroad Com., etc.,* v. *Grand Trunk, etc., R. Co.* (1913), 179 Ind. 255, 264, 100 N. E. 852; *United States* v. *Cohen Grocery Co.* (1920), 255 U. S. 81, 89, 41 Sup. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045.

Obviously, the statute under consideration does not do this. It is therefore invalid, and a criminal prosecution for failure of the employer operating a coal mine to comply with its provisions could not be maintained. The demurrer to the complaint should have been overruled.

Counsel for the appellant insist that the act also violates eight other provisions of the Constitution of the state and two other provisions of the Constitution of the United States. But since that part of the statute for the violation of which appellant alleged it was threatened with many criminal prosecutions is clearly invalid and void for the reasons stated, we have not considered and do not decide whether or not its provisions are also in conflict with other parts of the Constitutions.

The judgment is reversed, with directions to overrule the demurrer to the amended complaint.

Townsend, J., absent.