## STATE OF INDIANA v. ROGERS.

[No. 25,085.   Filed July 2, 1926.]

1. MINES AND MINERALS.—*The statute providing for employment of "shot firers" in coal mines, is invalid for uncertainty and indefiniteness.*—Section 13 of the coal-mining law of 1923 (Acts 1923 p. 487, §§10042-10049 Burns 1926), being a reenactment of the law of 1919 in regard to "shot firers," which was held invalid for uncertainty and indefiniteness, is likewise invalid.   p. 220.

2. MINES AND MINERALS.—*Section 13 of the coal-mining law of 1923 regulating employment of "shot firers," and the mining of coal where they are employed must be strictly construed.*—Section 13 of the coal-mining law of 1923 (Acts 1923 p. 487, §§10042-10049 Burns 1926), . regulating the employment of

"shot firers" in coal mines and the mining of coal where they are employed is highly penal and must be strictly construed. p. 221.

3. MINES AND MINERALS.—*Section of a statute specifically regulating the employment of "shot firers" in coal mines was not affected by a general provision of same statute.*—Since §13 of the coal-mining law of 1923 (Acts 1923 p. 487, §§10042-10049 Burns 1926) which regulates the employment of "shot firers" in coal mines, specifically limits its application to mines in which "more than two pounds of powder is used for any one blast," it is not affected by the general provision in §25 (§10081 Burns 1926) that the act shall not apply to any mine that does not employ ten or more men.   p. 221.

4. MINES AND MINERALS.—*Affidavit charging the violation of law regulating "shot firers" held insufficient.*—An affidavit charging the defendant with violating subd. D of §13 of the coal-mining act of 1923 (Acts 1923 p. 487, §§10042-10049 Burns 1926), regulating mining of coal in mines employing "shot firers," which did not allege that in that specific mine more than two pounds of powder were used in one blast, was defective, and the court properly sustained a motion to quash. p. 221.

From Gibson Circuit Court; *Claude A. Smith,* Judge.

Bruce Rogers was charged with violating the part of the coal-mining statute regulating the operation of mines employing "shot firers." From a judgment quashing the affidavit, the State appeals.   *Affirmed.*

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

*Embree & Embree, Russell Blair* and *Adamson & Gallagher,* for appellee.

MYERS, C. J.—An affidavit containing 120 counts charged appellee with an alleged violation of par. D, §13, Acts 1923 p. 487, §10045 Burns 1926.   The first sixty counts were dismissed for lack of evidence to sustain them.   The court sustained a motion to quash the remaining sixty, and the state appealed, assigning as error the action of the court in sustaining appellee's motion to quash.   Each of the counts to which the motion to quash was addressed, in substance, charged that

appellee, upon a certain day in the year 1925, was the superintendent and manager of a certain coal mine, commonly known as "King Station Mine," wherein more than ten men were then and there employed as miners, which mine was one where coal was blasted; that appellee, as such superintendent and manager of the mine, did then and there knowingly and unlawfully permit two shot firers, naming them, to do blasting by means of powder and to explode shots of powder in the mine while certain miners and employees were in the mine and who were not then and there shot firers, mine superintendents, mine managers, or men necessarily engaged in charge of pumps and stables in the mine or employed to secure the workings of the mine in case of fire, contrary, etc.

The motion to quash was on the ground that the facts stated in each of the counts separately and severally considered do not constitute a public offense. Appellee, in support of his motion, submits two propositions: (1) That no one of these counts charges that more than two pounds of powder is used in any one blast; and (2) that §13, supra, is unconstitutional and void for the reason that it is too vague, uncertain and indefinite to enable a person of ordinary understanding to determine its meaning.

The questions here presented involve paragraphs "A" and "D" of §13, supra. Paragraph "A": "In all mines in this state where coal is blasted, and where more than ten (10) men are employed as miners, and where more than two (2) pounds of powder is used for any one blast; and also, in all mines in this state where gas is generated in dangerous quantities, the person, persons, firm or corporation operating such mine or mines, shall employ, at the expense of such person, persons, firm or corporation operating such mine or mines, a sufficient number of practical, experienced miners, to

be designated as shot firers, whose duty it shall be to inspect and do all the firing of all blasts, prepared in the manner required by the laws of the State of Indiana concerning the preparation of shots or blasts in mines where shooting or blasting is done, in said mine or mines. *Provided,* That the employer shall be the judge of the qualifications of the said person employed as shot firer, and shall have the right to discharge said shot firer, for any reason the said employer shall deem sufficient, without recommendation or interference by the miners working in said mine."

Paragraph "D" provides that, "The superintendent or mine manager shall not permit the shot firers to do any blasting, exploding of shots, or do any firing whatever, until each and every miner and employee is out of the mine except the shot firers, mine superintendent, mine manager and man or men necessarily engaged in charge of the pumps and stables. *Provided, however,* That nothing in this section shall be construed to prohibit the employment in such mine of a reasonably necessary number of men, during such time, for the purpose of securing the workings in case of fire therein."

It will be remembered that the 1921 legislature (Acts 1921 p. 875) authorized the Governor of this state to "appoint a commission of six (6) persons to examine, revise, codify and recommend new legislation relating to the business of mining coal," and report to him on or before January 1, 1923, the result of its deliberations. A commission was appointed and a report made to the Governor who referred the same to the 1923 legislature. Chapter 30, Acts 1919 p. 69, and known as the "shot firers law," was incorporated word for word into that report as §13, the various paragraphs of which are indicated by letters of the alphabet from "A" to "H," both inclusive. §§10042-10049 Burns 1926.

The coal mining law thus recommended was, by the legislature, passed and approved March 8, 1923.

The legislature, by §13, assumed to prescribe the qualifications of a shot firer, the manner of his appointment, and the duty of both the shot firer and the mine operator, and making non-compliance with the provisions of the act a misdemeanor, punishable by a fine or imprisonment, or both, in the discretion of the court or jury trying the case.

Paragraph "A" (§1 of the 1919 act) was before this court in the case of Glendale Coal Co. v. Douglas, Pros. Atty. (1923), 193 Ind. 73, 137 N. E. 615, wherein

1.  it was held that: "The provision that 'a sufficient number of practical, experienced miners' shall be employed by the mine operator, of whose qualifications the employer shall be the judge, makes the statute too indefinite for enforcement by proceedings under the criminal law."

The state, having in mind the foregoing opinion, insists that, although the provision in paragraph "A," §13, with reference to the employment of shot firers is invalid, paragraph "D" is not affected by such invalidity, for the reason it applies to any mine where shot firers are employed, regardless of the quantity of powder used in any one blast. In this connection, the state calls our attention to §25 of the 1923 act, as amended in 1925. §4, Acts 1925 p. 421. The original section provided: "That the provisions of this act shall not apply to any mine that does not employ ten or more men," and was amended by adding "except that it shall be unlawful to use or operate any gasoline propelled engine or machinery inside any mine in this state." The state insists that this section is applicable in case paragraph "A" of §13, supra, is entirely invalid, at the same time stressing the point that the provision, "a sufficient number of practical, experienced miners,

to be designated as shot firers" only is invalid, and if stricken out the paragraph would still be intelligible, and therefore valid.

The effect of the admitted invalid provision is to relieve the operators of such mines from the compulsory duty of employing shot firers. Section 13 must be read in its entirety, and when thus considered, it is perfectly clear that the legislature intended to promulgate strict rules and regulations with reference to the mining of coal in all mines of this state employing shot firers and coming within the following classification: "In all mines in this state where coal is blasted, and where more than ten (10) men are employed as miners, and where more than two (2) pounds of powder is used for any one blast; and also, in all mines in this state where gas is generated in dangerous quantities." The quantity of powder used in any one blast is just as important in bringing the mine under the provisions of this section as the mention of the number of men employed. Without these provisions, we cannot say the legislature would have passed the law, nor can we say the legislature intended that §25 should apply in case paragraph "A" is invalid.

It will be noticed that the affidavit in question follows the statute as to the number of men employed in the mine, but fails to state the amount of powder used in any one blast. Treating paragraph "A" as merely classifying mines in which shot firers are employed, §13 might be valid, but we find it unnecessary to determine the constitutionality of either paragraph "A" or "D" in order to decide the question presented by the motion to quash the affidavit.

It must be conceded that §13 is the entire legislative command on the subject of shot firers. It is

2-4. highly penal and must be strictly construed. Section 25 is general in its application, and must

give way to §13, which is specific in its classification of mines to which the shot firers law was intended to apply. *City of New Albany* v. *Lemon* (1925), *ante* 127, 149 N. E. 350; *Kingan & Co.* v. *Ossam* (1921), 190 Ind. 554, 557, 131 N. E. 81.

We, therefore, conclude that the affidavit fails to state a public offense for want of an allegation that more than two pounds of powder was used by the shot firers, and the trial court did not err in sustaining a motion to quash.

Judgment affirmed.